# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA HASSMAN, | Case No. CV 16-4188-DOC (JEM) |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| RABBINICAL ASSEMBLY OF AMERICA, et al., | |
| Defendants. | |

## PROCEEDINGS

On June 13, 2016, Sara Hassman ("Plaintiff") filed a Request to Proceed Without Prepayment of Filing Fees ("Request") in conjunction with her civil rights complaint under 42 U.S.C. § 1983 ("Complaint").

On June 17, 2016, the Court issued a recommendation to deny the Request on the grounds that the Complaint was "[l]egally and/or patently frivolous" and for lack of jurisdiction. The Court further stated:

> Complaint is unintelligible, incoherent, and contains no cognizable civil rights claim. Complaint lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1985). Complaint is "devoid of factual allegations that give rise to a plausible inference" that either the plaintiff's constitutional or federal statutory rights

have been violated or that a state actor violated plaintiff's rights. See <u>Naffe v. Frey</u>, 789 F.3d 1030, 1035-36 (9th Cir. 2015); see also <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Amendment would be futile. On June 21, 2016, the District Judge accepted the Court's recommendation, denied the Request, and dismissed the case.

On July 13, 2016, Plaintiff filed a Motion for Reconsideration. On September 14, 2016, the District Judge issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration of Denial of Application to Proceed In Forma Pauperis. The District Judge reaffirmed the decision to deny the Request, but found that Plaintiff should have been allowed to pay the full filing fee before her case was dismissed.

On September 26, 2016, Plaintiff filed a document labeled "Plaintiff Sara Hassman's Amended Complaint In Response to United States District Judge F. Gary Klausner's Order Dated September 14, 2016," which is not actually an amended pleading but appears to be a renewed Request with additional arguments why she should have been granted leave to proceed in forma pauperis ("Supplemental Request").

On October 6, 2016, the District Judge again denied the Request to Proceed Without Prepayment of Filing Fees. On October 12, 2016, Plaintiff paid the full filing fee.

## THE COMPLAINT

Plaintiff names as Defendants the Rabbinical Assembly of America ("Rabbinical Assembly"), the Beth Tfiloh Congregation of Baltimore City ("Beth Tfiloh"), Emory University, Bank of America, and Michelle Obama. (Complaint at 1-2.)[1] All of the Defendants are private actors. Plaintiff alleges that Defendants are all part of a conspiracy "to promote The Nationwide Fraudulent Divorce and Parental Alienation Crises." (<u>Id.</u> at 4-7 (emphasis omitted).)

---

[1] The Court refers to the pages of the Complaint and the Motion and supporting documents as numbered by the Court's CM/ECF system.

A judgment of dissolution of Plaintiff's marriage ("Divorce Judgment") was entered in Orange County Superior Court on May 7, 2010. (Complaint, Ex. A.) The Divorce Judgment addressed spousal support and child support, and awarded Plaintiff's spouse Mark F. Hassman sole legal and physical custody of the couple's one minor child, who was then sixteen years old. (Id.) The Divorce Judgment also provided for the division of property, including allocation of various retirement benefits, personal property, and business interests. (Id.) Plaintiff's allegations of wrongdoing arise out of her assertions that the Divorce Judgment was illegal, immoral, and fraudulent, and that the Defendants should have (a) recognized the illegal, immoral, and fraudulent nature of the Divorce Judgment, (b) refused to acknowledge or accept the results of the Divorce Judgment, and/or (c) assisted Plaintiff in her quest to invalidate the Divorce Judgment and obtain a new, more favorable judgment.

Plaintiff alleges that, on or about May 7, 2010, the day the Divorce Judgment was filed, "defendants agreed and combined to engage in a conspiracy" . . . "to perpetuate the form of abuse, terror, torture and oppression and her three (3) children called Parental Alienation by repeatedly denying Plaintiff her legal and constitutional right to custody and visitation without any legal or rational basis . . . ." (Complaint at 8.) Plaintiff further alleges that Defendants "agreed to enforce and not rescind illegal civil restraining orders issued against Plaintiff," kept Plaintiff from her children, and stole property from the marital estate "by using charitable agreements from nonprofit organizations including those from several of the defendants." (Id.) Plaintiff claims that Mr. Hassman caused her to become alienated from her children by enlisting the help of Defendants. (Id. at 12.)

The Complaint sets forth two causes of action: (1) conspiracy to commit intentional infliction of emotional distress (Complaint at 11-15), and (2) conspiracy to deprive Plaintiff of her right to due process under the Fourteenth Amendment (id. at 15-20).

As to her first cause of action for conspiracy to commit intentional infliction of emotional distress, Plaintiff claims that she has a fundamental right as a parent "to take care of and have the companionship of her children . . . ." (Id. at 11.) She appears to

3

allege that this right was infringed when Mr. Hassman enlisted the help of others, including Defendants, to alienate her from her children. (Id. at 12.) This so-called "Parental Alienation" was done with the intent of gaining custody of the children in order to release Mr. Hassman from having to pay child support, manipulating the children, and stealing undisclosed community assets from her. (Id.) This parental alienation and resulting loss of custody and assets has caused Plaintiff severe emotional distress. (Id.)

As to her second cause of action for conspiracy, Plaintiff alleges that the Defendants had a duty to help her recover her share of community assets that were not disclosed by Mr. Hassman. (Id. at 16.) Plaintiff claims that Defendants should have known from the face of the Divorce Judgment that the value of the community estate had not been properly established and, therefore, Defendants should have known that Plaintiff was being deprived of her share of community assets that should have been awarded to her at the time of the divorce. (Complaint at 16-18.) Plaintiff states:

> No sane, reasonable person or leader of an organization would continue to have a policy . . . where they profit from intentionally and maliciously inflicting abuse, terror, torture, distress and oppression of Parental Alienation upon the Loving, Fit Mother and her children; steal this Mother's property, income and other assets she should have legally received at the time of divorce and thereafter and; also ignore Marriage Fraud."

(Id. at 17.)

Plaintiff further alleges: "None of the defendants . . . have helped Plaintiff using reasonable diligence to: 1) Reunite with her Children and; 2) Establish the net worth of the community estate so that she can comply with the law and obtain a legal, valid and enforceable divorce contract." (Id. at 19.) Plaintiff further claims that the deprivation of her children and property was in violation of her right to due process under the Fourteenth Amendment. (Id.)

4

# THE COMPLAINT IS NOT COGNIZABLE AND IS FRIVOLOUS

**A.    Pleading Standards**

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Under Rule 12(b)(6), a court may dismiss a complaint sua sponte for failure to state a claim when the plaintiff "cannot possibly win relief." Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988) (internal quotations and citation omitted); see also Barnard v. U.S. Gov't, 635 F. App'x 388, 388 (9th Cir. 2016) (finding complaint properly dismissed sua sponte because "claims lacked any arguable basis in law or fact"); Gambill v. United States, 554 F. App'x 558, 558 (9th Cir. 2014). Before sua sponte dismissing a claim under Rule 12(b)(6), a court must give notice of its intention to do so and provide the plaintiff with an opportunity to oppose such a dismissal in writing. Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015).

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke, 490 U.S. at 330 n.9. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. If it is absolutely clear that the deficiencies cannot be cured by amendment, the complaint can be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

In addition, a claim that is wholly insubstantial and frivolous may be dismissed for want of jurisdiction. Bell v. Hood, 327 U.S. 678, 682-83 (1945); see also Neitzke, 490 U.S. at 327 n.6 ("[a] patently insubstantial complaint" and/or one "devoid of merit" may be dismissed under Rule 12(b)(1) (internal quotations and citation omitted)); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). "A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). Factual frivolousness exists if

the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Neitzke, 490 U.S. at 325, 327, 328.

**B.      The Complaint Fails to State a Cognizable Claim**

The Court has concluded, sua sponte, that the Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), for the following reasons:

1.      Plaintiff's Claims Are Barred By the Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

Pursuant to this doctrine, a federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165–66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case").

There is, however, an exception to this general jurisdictional bar if there has been extrinsic fraud. "A plaintiff alleging extrinsic fraud on a state court is not alleging a legal

7

error by the state court; rather, he or she is alleging a wrongful act by the adverse party." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140-41 (9th Cir. 2004). A federal plaintiff can seek to set aside a state court judgment obtained through the extrinsic fraud of the adverse party. Id. at 1141. "In order to be considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an opportunity to present his claim or defense in court . . . or deprives a party of his right to a day in court." Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978) (internal quotations and citation omitted). A "judgment may be set aside only where the fraud is extrinsic or collateral to the matters involved in the action." Id. Fraud that goes to the "very heart of the issues contested in the state court action" is not extrinsic or collateral to the action. Id.

Here, Plaintiff essentially seeks to challenge the validity of her Divorce Judgment by claiming that all of the Defendants were engaged in a conspiracy to deprive her of property and interfere with her relationship with her children. For example, Plaintiff alleges that Defendants Rabbinical Assembly and Beth Tfiloh perpetrated "the illegal, immoral and fraudulent use of 501(c)(3) and other charitable agreements of nonprofit organizations to illegally, immorally and fraudulently deprive a fit, loving, law-abiding Wife/Mother [Plaintiff] of her property, income, retirement and other assets at the time of divorce and thereafter . . . ." (Complaint at 4.) Plaintiff makes similar allegations against Defendants Emory University and Michelle Obama, claiming that these Defendants failed to help her challenge the Divorce Judgment, thereby perpetuating the problems of "parental alienation," the "illegal use of 501(c)(3) agreements" to steal Plaintiff's assets, and "marriage fraud." (See id. at 5, 7.) Plaintiff further alleges that Defendant Bank of America "refuses to use reasonable diligence to help Plaintiff establish the net worth of the community estate so that she can receive the community assets from her community estate [of which] she has been illegally, immorally and fraudulently deprived . . . ." (Id. at 6-7.)

It is clear that Plaintiff's claims directly or indirectly challenge the validity of the Divorce Judgment, and are barred by the Rooker-Feldman doctrine. Plaintiff asserts that the Divorce Judgment is facially invalid because it does not establish the value of the

community estate and does not include community assets that were wrongfully concealed by Plaintiff's ex-husband. Plaintiff further alleges that Mr. Hassman, in conjunction with Defendants, caused her to be alienated from her children, and that such alienation violated her constitutional rights. This alienation is manifested in the Divorce Judgment, which awards full custody of Plaintiff's then-minor child to Mr. Hassman. Plaintiff even argues that the Divorce Judgment is not valid or enforceable because her marriage "has not been legally dissolved and is still legally enforceable whereby Plaintiff and her husband are still legally married and he is still her 'husband' . . . ." (Supplemental Request at 2.) Thus, Plaintiff's claims are a de facto challenge to the Divorce Judgment and are barred by the Rooker-Feldman doctrine.

It is also clear that the extrinsic fraud exception to the Rooker-Feldman doctrine is not applicable here. Plaintiff alleges that Defendants, along with Mr. Hassman, conspired to deprive her custody and visitation, "enforce and not rescind illegal restraining orders" against her, and deprive her of her community property, as manifested in the Divorce Judgment. (Complaint at 7-8, 12.) Plaintiff's allegations that fraud was committed in connection with the Divorce Judgment goes to the heart of the issues contested in the state court action and these same allegations could have been raised in state court proceedings if, as Plaintiff asserts, such fraud was obvious from the face of the Divorce Judgment. (See id. at 7-8.) The allegations of fraud are not extrinsic or collateral, but intrinsic to the state court action and therefore do not raise an issue of extrinsic fraud. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (holding that Plaintiff's allegation of perjury did not raise an issue of extrinsic fraud). Even if Plaintiff's allegations raised an issue of extrinsic fraud, the false statements and concealment of material facts were allegedly committed by Mr. Hassman, who is not a Defendant in this action. In fact, there is nothing to indicate fraud was committed by any of the Defendants in the present action. Plaintiff has failed to show an extrinsic fraud exception to the subject matter jurisdiction bar of the Rooker-Feldman doctrine.

Plaintiff cannot amend her pleadings to correct these deficiencies and, therefore, it appears the Complaint should be dismissed with prejudice.

2.     Plaintiff Fails to State a Federal Civil Rights Claim

"Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); see also Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) ("[A]s in any '§ 1983 case, [plaintiff] must show that the alleged violation was proximately caused by . . . the state actor.") (vacated on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations and citations omitted).

Here, Plaintiff alleges a deprivation of her Fourteenth Amendment right to due process. The Fourteenth Amendment applies only against "state action," Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982), and the Due Process Clause does not require the state to "protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 195 (1989). Thus, "[t]o state a due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 n.2 (2001) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 (1982)).

Here, it is clear that Plaintiff cannot state a civil rights claim against Defendants because none of them were acting under color of state law when they engaged in the acts alleged in the Complaint. Moreover, Plaintiff has failed to set forth any facts demonstrating

a denial of due process or any other wrongdoing by Defendants. Accordingly, Plaintiff's civil rights claim is without merit, and its defects cannot be cured by amendment.

3. <u>Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress</u>

To prove a claim for intentional infliction of emotional distress ("IIED") under California law, a plaintiff must establish "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . ." <u>Christensen v. Superior Court</u>, 54 Cal.3d 868, 903 (1991) (internal quotations and citation omitted); <u>see also</u> <u>Conley v. Roman Catholic Archbishop of San Francisco</u>, 85 Cal. App. 4th 1126, 1133 (2000).

To be outrageous, a defendant's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 992 (9th Cir. 1991) (internal quotations and citations omitted); <u>see also</u> <u>Hughes v. Pair</u>, 46 Cal.4th 1035, 1050-51 (2009). It must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Cochran v. Cochran</u>, 65 Cal. App. 4th 488, 496 (1998) (internal quotations and citation omitted). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." <u>Hughes</u>, 46 Cal.4th at 1051 (internal quotations and citations omitted) (brackets in original).

Plaintiff bases her IIED claim on Defendants' failure to help her challenge what she claims is an invalid Divorce Judgment. (<u>See, e.g.</u>, Complaint at 16.) She claims that each Defendant had a duty to help Plaintiff obtain the financial statements and other documents necessary to ensure that all community assets and liabilities were disclosed during the divorce proceedings. (<u>See id.</u>) She further asserts: "Each defendant . . . knew or should have known by communications with Plaintiff and by looking at the face of said divorce contract . . . that disclosures legally required . . . were not made and the net worth or value

of the community estate was never established as legally required." (Id.)  Plaintiff reasons that because she advised each Defendant regarding the invalidity of the Divorce Judgment, they had a duty to help her challenge it and to help her regain community assets and reestablish a relationship with her children.  (Id. at 17-18.)  She concludes that this failure to regain her assets and reestablish her relationship with her children has caused her severe emotional distress.  (Id. at 15.)

The conduct cited by Plaintiff plainly is not extreme or outrageous and cannot support an IIED claim.  Plaintiff has failed to state any facts demonstrating that Defendants' conduct in failing to help her obtain financial information regarding community assets or invalidate the Divorce Judgment, and Defendants' compliance with the terms of the Divorce Judgment and restraining orders could be considered atrocious or outside the bounds of decency.  Moreover, there is nothing to show that Defendants caused the emotional distress alleged by Plaintiff.  Based on the facts alleged, it is clear that she cannot amend her pleadings to rectify these failings.  Accordingly, Plaintiff has not and cannot state an IIED claim against Defendants.

    4. <u>The Complaint Is Frivolous</u>

The Complaint is frivolous, patently unsubstantial, and devoid of merit and, thus, is subject to dismissal, under Rule 12(b)(1).  The allegations of the Complaint – as described briefly above – are so fanciful and delusional that they are obviously frivolous, and this case is patently insubstantial.  Her wholly frivolous allegations present no basis whatsoever for federal jurisdiction, and thus, <u>sua sponte</u> dismissal under Rule 12(b)(1) is warranted.

## ORDER TO SHOW CAUSE

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed:

  1.  Pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and

  2.  Pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

1    Plaintiff shall file a written Response to this Order to Show Cause within fourteen
2 (14) days of the date of this Order.
3    Plaintiff is cautioned that failure to timely respond to this Order to Show Cause and
4 show why this action is not frivolous and without merit will result in a recommendation that
5 this action be dismissed.
6    IT IS SO ORDERED.

8 DATED: November 9, 2016               */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
9                                         UNITED STATES MAGISTRATE JUDGE